**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Lorie A. Meyer, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER ADOPTING REPORT** |
| | ) | **AND RECOMMENDATION** |
| vs. | ) | |
| | ) | Case No. 4:10-cv-038 |
| Michael J. Astrue, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendants. | ) | |

_____

The plaintiff, Lorie Meyer, sought judicial review of the Social Security Commissioner's ("Commissioner") denial of her application for disability benefits under the Social Security Act. Meyer and the Commissioner filed cross-motions for summary judgment. See Docket Nos. 13 and 18.

On February 21, 2012, Magistrate Judge Charles S. Miller, Jr., issued a ninety-one page Report and Recommendation concerning the motions. See Docket No. 22. The Report and Recommendation provided a thorough summary of the record, including Meyer's medical and social history, the May 19, 2008 hearing before the Administrative Law Judge ("ALJ") in Minot, North Dakota, and the ALJ's May 28, 2008, decision denying Meyer's application for benefits. Judge Miller concluded that the ALJ's decision was not supported by substantial evidence. In so concluding, Judge Miller found that the ALJ erred as follows:

1. The reasons the ALJ gave for discounting Meyer's testimony regarding the extent of her pain and the impacts placed on her functioning by her multiple impairments are not supported by the record as a whole.

2. The ALJ failed to follow the Commissioner's regulations in evaluating the corroborating testimony of Meyer's mother and discounted her testimony for an improper reason.

> 3. The ALJ failed to properly consider the opinions of two clinical psychologists retained by the SSA to provide independent evaluations of the extent and severity of Meyer's mental impairments - particularly regarding the critical point of whether Meyer was capable of being a competitively reliable employee - and instead improperly gave more weight to the opinions of non-treating, non-examining consultants.
>
> 4. The ALJ improperly accorded more weight to an RFC assessment made by non-treating, non-examining physicians over a similar assessment made by Meyer's personal physician with respect to several issues critical to the ALJ's RFC determination. Also, under the particular circumstances of this case, if the ALJ was dissatisfied with the level of detail provided by Meyer's personal physicians, he should have made further inquiry of the physician rather than simply relying upon the RFC assessments of the non-examining physicians. In the alternative, he probably also could have consulted with Dr. Diri, Meyer's treating rheumatologist, or he could have obtained an independent assessment based upon an actual examination and/or testing.
>
> 5. The ALJ failed to properly consider the evidence that Meyer suffered from fibromyalgia and also the more recently developed urinary urgency and incontinence problems, and the cumulative impact that they may have had on her RFC.
>
> 6. The ALJ's determination of Meyer's RFC is not supported by substantial evidence when considering the record as a whole, particularly as it relates to the critical issues of: (1) Meyer's ability to sit or stand without changing positions for the requisite period of time to allow her to perform the limited sedentary work the vocational expert concluded she could perform based upon the ALJ's hypothetical RFC; (2) Meyer's ability to perform repetitive movements with her hands and arms on a sustained basis; and (3) Meyer's ability to perform at a pace and persistence required in a competitive environment, including not having to take an unacceptable number fo breaks and/or not having an unacceptable number of absences. As noted earlier, a finding in favor of Meyer with respect to any of these points would result in a determination of disability given the testimony of the vocational expert.

See Docket No. 22, pp. 55-56. Judge Miller recommended as follows:

> Based upon the foregoing, the undersigned **RECOMMENDS** that Meyer's Motion for Summary Judgment (Docket No. 13) be **GRANTED IN PART** and the Commissioner's motion for summary judgment (Docket No. 18) be **DENIED**, and that this case be remanded for an award of benefits consistent with Meyer being disabled at least as of January 1, 2006, and for any additional proceedings that may be necessary.

See Docket No. 22, p. 90.

On March 2, 2012, the Commissioner filed an objection to the Report and Recommendation. See Docket No. 23. The Commissioner contends that Judge Miller should have remanded the case for further proceedings so the Commissioner could further develop the record rather than remanding to award disability benefits.

The Court has carefully reviewed the Report and Recommendation, relevant case law, and the entire record, and finds the Report and Recommendation to be persuasive. As to the Commissioner's objection, the Court further finds Judge Miller's reasoning particularly persuasive as to the issue of whether a remand for further proceedings is appropriate:

> If this case was remanded solely for further proceedings, it is difficult to understand what would change. Here, the opinions of Drs. Podrygula, Eaton, and Ree all favor a finding of disability based on the record evidence as a whole. In order to overcome this evidence, the Commissioner would have to come forward with opinions from physicians who conducted examinations and/or relied on testing. The problem with that, however, is that any examination or testing now would be of questionable probative value with respect to Meyer's condition during the time period under consideration. Also, another problem is one of fairness. Here, the SSA sent Meyer to Dr. Eaton for an evaluation and his opinion favored a finding of disability. Then the ALJ solicited the opinion of Dr. Podrygula with the result being that his testimony also favored a finding of disability when considered in its entirety. Finally, both the SSA and the ALJ had the option of seeking further clarification from Dr. Ree or obtaining an in-person evaluation or testing, but chose not to. While the Commissioner always has the opportunity to prove that Meyer is not currently disabled, the Commissioner should not be allowed yet another opportunity to search for evidence supporting his denial of benefits. See, e.g., Sisco v. United States Dept. of Health and Human Services, 10 F.3d 739, 746 (10th Cir. 1993) (stating that the Commission should not be entitled to adjudicate a case *ad infinitum* until it applies the correct legal standard and gathers evidence to support his conclusion).

See Docket No. 22, pp. 89-90 at n. 23.

The Court **ADOPTS** the Report and Recommendation (Docket No. 22) in its entirety; **GRANTS IN PART** Lorie Meyer's motion for summary judgment (Docket No. 13); **DENIES** the

3

Commissioner's motion for summary judgment (Docket No. 18); and **REMANDS** the case for an award of benefits consistent with the finding that Meyer is disabled as of January 1, 2006, and for any additional proceedings consistent with this order.

**IT IS SO ORDERED.**

Dated this 25th day of March, 2012.

*/s/  Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court